```
SHELLEY D. KROHN
E-mail: Shelley@TrusteeKrohn.com
510 S. 8th Street
Las Vegas, Nevada 89101
Telephone: (702) 421-2210
Facsimile: (702) 366-1939
Chapter 7 Bankruptcy Trustee
```

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

\*\*\*\*\*

| In re: | ) CASE NO. BK-S-17-16306-btb |
|---|---|
| NEAL ALAN SCHNOG | ) CHAPTER 7 |
| | ) |
| | ) Date: OST requested |
| Debtors. | ) Time: OST requested |
| | ) |

**MOTION TO COMPEL DEBTOR TO COOPERATE WITH SPECIAL COUNSEL**

Shelley D. Krohn, duly appointed Chapter 7 Trustee in the above-referenced proceeding ("Trustee"), hereby moves this court for an order compelling the Debtor to cooperate with the Estate's special counsel in the personal injury cause of action.

This Motion is made and based upon the accompanying Memorandum of Points and Authorities, the papers on file herein and any oral argument that the Court may entertain at the time of any hearing on this motion.

**POINTS AND AUTHORITIES**

**I.**

**FACTUAL BACKGROUND**

1.  This case was commenced by the filing of a petition under Chapter 7 on November, 24, 2017 by Neal Alan Schnog

1

("Debtor").

2. On his Schedule A/B, the Debtor disclosed a product liability claim against the makers of Nexium for kidney damage. *See* ECF 13, page 7.

3. On June 15, 2018, the Trustee filed an Ex Parte Application to employ special counsel for the estate. Special counsel was needed to pursue the Estate's interest in the Debtor's product liability claim. *See* ECF 55.

4. On June 19, 2018, the court entered an order authorizing the employment of *Levin, Papatonio, Thomas, Mithcell, Rafferty & Proctor, PA* along with *Johnson & Vines* (collectively referred to as "Special Counsel"). *See* ECF 58.

5. To avoid the expiration of the statute of limitations, Special Counsel initiated legal proceedings against Nexium in June of 2018.

6. The legal proceedings are contained within the Proton Pump Inhibitors MDL in U.S. District Court, District of New Jersey (MDL No. 2789).

7. Special Counsel requires the cooperation of the Debtor to complete the court-mandated document production per <u>Case Management Order No. 9</u>. A copy of this Order is attached as Exhibit "A".

8. If this document production is not completed and uploaded on or before September 4, 2018, it is likely that the Debtor's complaint will be dismissed with prejudice.

9. On August 1, 2018, the Trustee received an email from Special Counsel describing in great detail the Debtor's

      lack of cooperation in these MDL proceedings. See Exhibit "B" attached hereto (privileged content has been redacted). This lack of co-operation is disturbing since the Debtor had initially agreed to fully cooperate. See Exhibit "B".

10. Presently, there are over $800,000 in unsecured claims filed in this bankruptcy matter.

11. The Trustee now moves this Court for an order compelling the Debtor to provide his full and timely cooperation with the Trustee and Special Counsel in regard to the prosecution of the MDL cause of action that could result in a significant distribution to creditors.

## II.

### LEGAL ARGUMENT

As set forth above, Special Counsel has attempted to secure the Debtor's voluntary participation in the MDL proceedings. The Debtor's failure to cooperate with the Trustee and her Special Counsel in the administration of the estate pursuant to 11 U.S.C. §521 is jeopardizing the existence of a significant asset.

Pursuant to 11 U.S.C. §521(a)(3), if a trustee is serving, it is the duty of debtors to cooperate with the Trustee as necessary to enable the trustee to perform the trustee's duties under this title.

"§521 Debtor's duties

    (a) The Debtor shall

(3) if a trustee is serving in the case or an auditor appointed under section 586(f) of title 28, cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title"; . . .

This section mandates that the Debtor shall cooperate to permit the trustee to perform her duties.

### III.

### CONCLUSION

Movant respectfully requests this Court enter an Order compelling the Debtor full and timely cooperation with the Trustee and Special Counsel in regard to the prosecution of the MDL cause of action.

DATED this 2nd day of August, 2018.

*Shelley D. Krohn, Trustee*

W:\Sdk\TRUSTEE\SCHNOG\Mtn to Compel debtor cooperation.wpd