**Shelley Krohn**

---

| | |
|---|---|
| **From:** | Bill Cash <bcash@levinlaw.com> |
| **Sent:** | Wednesday, August 01, 2018 1:16 PM |
| **To:** | Shelley Krohn |
| **Cc:** | nealschnog@gmail.com |
| **Subject:** | Debtor Neal Schnog - ACTION NEEDED NOW |
| **Attachments:** | CMO 9 - PFS.pdf |
| **Importance:** | High |

Hi Shelley and Neal,

**I am writing about impending court deadlines, and to ask for consent to withdraw from this case. I would also accept consent to dismiss the case outright.**

The reason I want to withdraw from this case is I am getting no help in preparing it. We have been pretty dang diligent in trying to maintain contact with Neal, but it's not working.

A discovery deadline is coming up soon. Based on the history of contact, I no longer expect I will ever get any help from Neal to meet the deadline.

In this action, the court has entered an order requiring each plaintiff to draft and serve a "plaintiff's fact sheet." This is a highly formalized version of discovery, consisting of interrogatories and a document production request. Our deadline to file this document is 90 days from the date of the first defendant's answer, which was June 3, so it's due **September 4** if the weekend and Labor Day are not counted.

I can't get Neal's attention to respond to our numerous inquiries about this document. We are all in danger of blowing the deadline, and I don't want to be on the hook for that when it happens.

Further, not only do we not have the court's plaintiff's fact sheet, we also don't have the internal questionnaire my firm drafted to get information from our clients. That has been missing from the file **for over one year.** If I had the questionnaire, I could help get started on the PFS. I have neither.

Because it takes time to go over these responses and make sure they are consistent with the client's own medical records. Because I never got the questionnaire

back, I couldn't get the records. And I have lost all hope of *continued* help even after the PFS is served.

So, I'd like to be relieved of duty. Shelley, I believe the law is that this is your call to make since you are the trustee holding the claim, but I am copying Neal also so he has the ability to speak up.

Please respond ASAP. I have already withdrawn from another non-responsive client's case and believe it is likely the court would grant withdrawal here. Still, I would prefer doing it by consent.

Here's our history of contacts:

- 5/23/17: Questionnaire sent out to client
- 8/15/17: "Please contact us" letter sent to client
- 9/11/17: Some medical records ordered by us
- 12/11/17: Called client, mailbox was full
- 3/10/18: Letter sent asking to return the questionnaire
- 3/14/18: Letters to/from Krohn re: being hired as counsel to the estate
- 3/15/18: Attorney call with client. **Last time we have spoken to Mr. Schnog on the phone.**
- 3/15/18: Questionnaire sent to client
- 4/7/18: Blank PFS sent to client—to be filled out. Delivered by FedEx on 4/11/18 at 5:22pm. Our due date: 5/7/18
- 4/26/18: **Lawsuit filed for trustee**
- 4/27/18: Called client, no answer, left message
- 4/27/18: "Please call us" e-mail to client
- 5/14/18: Complaint mailed to client
- 5/21/18: Called client, no answer, left message
- 5/23/18: Called client, no answer, left message
- 5/23/18: "Questionnaire is 75+ days overdue" letter sent to client
- 5/29/18: E-mail to client. It says: "Your questionnaire is very overdue—apparently 371 days since we sent it to you on 5/23/17."
- 5/31/18: Called client, couldn't leave a message, texted client
- 6/3/18: Defendants answered the complaint
- 6/6/18: Called client, no answer, left message
- 6/7/18: Called client, no answer, left message
- 6/12/18: Called client, no answer, left message
- 6/18/18: PFS sent to client. Due date: 6/28/18 (our "10-day" letter)
- 6/19/18: E-mail to client: contact us
- 6/19/18: Called client, no answer, left message

2

- 6/23/18: Another 75+ days overdue questionnaire letter sent to client
- 7/9/18: Called client, no answer, left message
- 7/11/18: E-mail to client, please contact us
- **7/11/18: Neal responded to our e-mail, promising to call, but didn't**
- 7/22/18: Called client, no answer, left message
- 7/24/18: E-mail to client, please contact
- 7/24/18: Called client, no answer, left message


**Bill Cash III**
*Shareholder*

Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.
316 South Baylen Street, Suite 600, Pensacola, Florida 32502
Phone: 850-435-7059
www.levinlaw.com


**From:** Bill Cash
**Sent:** Thursday, April 26, 2018 9:39 PM
**To:** shelley@trusteekrohn.com
**Cc:** nealschnog@gmail.com
**Subject:** 160276 : Schnog, Neal: Debtor Neal Schnog - products complaint

Hi Shelley,

I filed the attached complaint on behalf of the estate against a few drug companies in the Proton Pump Inhibitors MDL in the District of New Jersey. Thought you would like this for your records.

You hired me and I am aware that I have a duty to represent the estate. This case, however, will be very discovery-intensive with Mr. Schnog. He and I talked recently and he agreed to participate in discovery—production of documents and a very lengthy stylized set of interrogatories known as the court-ordered "Plaintiff's Fact Sheet."

I generally advise trustees, however, that as the plaintiff, they always have ultimate duty to prosecute the case. I trust you will discuss this with Mr. Schnog.


**Bill Cash III**
*Shareholder*

3

**Levin, Papantonio, Thomas, Mitchell, Rafferty & Proctor, P.A.**
**316 South Baylen Street, Suite 600, Pensacola, Florida 32502**
**Phone: 850-435-7059**
www.levinlaw.com